UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

    -v-

NORTH SHORE LONG ISLAND JEWISH
HEALTH SYSTEM and
LONG ISLAND JEWISH MEDICAL CENTER

        Defendants.

-------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 20 2010 ★
BROOKLYN OFFICE

CV10- 1749
Civil Action No. _____

COMPLAINT
JURY TRIAL DEMAND

BLOCK, J.

LEVY, M.J.

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Melissa Pena and a class of similarly situated Hispanic employees adversely affected by such practices (collectively, "the Claimants"). As alleged with greater particularity in paragraph eight (8) below, Defendants North Shore Long Island Jewish Health System and Long Island Jewish Medical Center ("Defendants") discriminated against these employees in regard to their terms, conditions or privileges of employment by maintaining an English-only/No-Spanish rule in violation of Title VII.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6 ("Title VII"), and pursuant to Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6.

4.      Defendants have been doing business in the State of New York at all relevant times.

5.      Defendants, at all relevant times, have had at least fifteen employees.

6.      At all relevant times, Defendants have each continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Melissa Pena filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least November, 2007 Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e. These practices include, but are not limited to, the following:

    a)    In November 2007, Defendants' Administrative Director, Joyce Ann Musel-Winn, instructed Melissa Pena not to speak Spanish and that "only English is to be spoken in the lab as per hospital policy." Defendants first singled out Ms. Pena and instructed her not to speak in Spanish when Ms. Pena was responding to a messenger who was speaking to her in Spanish in the course of her employment duties.

    b)    About one week later, Ms. Musel-Winn again approached Ms. Pena in the presence of the other Hispanic employees and stated that "pursuant to the President of the Hospital, only English is to be spoken in the lab."

    c)    Ms. Pena attempted to obtain clarification regarding any such restrictive language policy from various sources including Ms. Musel-Winn herself, from her direct supervisor, Claudia Bailey, from other higher up officials at the Hospital, and from her union, but at that time received no clear guidance as to any such official language policy.

    d)    Consequently, in December 2007, Ms. Pena was unfairly forced to decide between assisting the frantic mother of a Spanish speaking patient on the telephone and risking violating Defendants' restrictive language rule; she ultimately assisted the patient but felt much anxiety as a result of Defendants' restrictive language practices.

    e)    On or about July 15, 2008, Ms. Bailey held a meeting and informed the Central Accessioning Laboratory employees that English was the only language to be spoken while in the Lab and in the break room. These instructions are contained on Ms. Bailey's July 2008 meeting agenda and this document was disseminated to the employees in this Lab.

    f)    Defendants routinely permitted non-Hispanic employees to speak in their native languages in its various laboratories and other areas of the Hospital. Specifically Defendants allowed Russian and South Asian employees to speak in their native languages while Ms. Pena and other Hispanic employees were not permitted to speak Spanish.

    g)    Defendants' enforcement of the English-only/No-Spanish Rule resulted in disparate treatment of Hispanic employees in the Central Accessioning Laboratory.

    h)    Defendants' English-only/No-Spanish Rule is not justified by business necessity and has an adverse impact on Hispanic employees.

9.    The effect of the practices complained above has been to deprive Ms. Pena and the other similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin, Hispanic.

10.    The unlawful employment practices complained above were intentional.

11.    At all relevant times, Defendants have acted with malice or reckless indifference to the federally protected rights of these employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of national origin;

B. Order Defendants to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of national origin, and that eradicate the effects of Defendants' past and present unlawful employment practices;

C. Order Defendants to make whole all those individuals affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

D. Order Defendants to make whole all those individuals affected by the unlawful employment practices described above, by providing compensation for non-pecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

E. Order Defendants to provide punitive damages for their malicious and/or reckless conduct, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper;

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Dated: New York, New York
       April 20, 2010

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney

_____
Robert D. Rose
Supervisory Trial Attorney

_____
Sunu P. Chandy
Senior Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No.: 212-336-3706
Facsimile No.: 212-336-3623
Email Address: sunu.chandy@eeoc.gov